RECEIVED
JUN 27 2014
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| BRAD ALAN SIMS<br>Register Number: 19655-045 | DOCKET NO. 1:14-CV-699; SEC. P |
| VERSUS | JUDGE DRELL |
| WARDEN | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Before the Court is *Pro se* petitioner Brad Sims's petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241. Sims is an inmate in the custody of the Federal Bureau of Prisons (BOP), incarcerated at the United States Penitentiary in Pollock, Louisiana. Petitioner attacks the calculation of his sentence imposed in the United States District Court for the Western District of Missouri.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

### *Procedural History*

Petitioner was charged with violation of his supervised release in August of 2012; and, on August 25, 2012, he was released on bond following an initial appearance. [6:07-cr-03025, W.D.Mo.] On August 28, 2012, Sims was indicted on new charges of trafficking in counterfeit goods, in violation of 18 U.S.C. §2320(a). He made an initial appearance and was released on bond. [12-cr-03064, W.D.Mo.]

On September 13, 2012, Petitioner appeared in court in 07-cr-3025, and his supervised release was revoked. Sims was sentenced to twelve months and one day of imprisonment for the violation of supervision. He was taken into custody that day to begin serving the year-and-a-day sentence. Thus, his sentence in 07-cr-3025 commenced on 9/13/12.

On October 1, 2012, Sims appeared in court on the new "counterfeit goods" charges and pled guilty to both counts of the new indictment, without a written plea agreement. [12-cr-3064, W.D.Mo.] He was sentenced in March 2013 to twenty-four months of imprisonment, to run concurrent with the sentence in 07-cr-3025.

### Law and Analysis

Sims is challenging the manner in which his sentence is being calculated, which is properly brought in a motion pursuant to 28 U.S.C. §2241. See Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) (a writ of habeas corpus pursuant to 28 U.S.C. §2241 is the appropriate vehicle in which "a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration").

Sims seeks credit against his sentence in 12-cr-3064 for time served from September 13, 2012, the date he was sentenced for violation of supervised release, to March 15, 2013, the date he was sentenced on the "counterfeit goods" charges. During that time frame, Sims was not in custody on the new charges at all; he had

2

been released on bond as to those new charges. He was only in custody, and serving the sentence for, the supervised release violation. (No. 07-cr-03025) That time was credited toward the supervised release sentence.

"Title 18 U.S.C. §3585 determines when a federal sentence of imprisonment commences and whether credit against that sentence must be granted for time spent in 'official detention' before the sentence began." Reno v. Koray, 515 U.S. 50, 55, 115 S.Ct. 2021, 132 L.Ed.2d 46 (1995). The statute provides as follows:

> (a) Commencement of sentence — A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody — A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> **that has not been credited against another sentence.**

The time in question, which Petitioner wants credited toward his sentence in 12-cr-3064, was credited against the year-and-a-day sentence for violation of supervised release. He cannot receive credit from September 13, 2012, through March 19, 2013, against both the supervised release sentence **and** against the twenty-four

3

month sentence in 12-cr-3064. Such a calculation would amount to double credit. In enacting Section 3585, "Congress made clear that a defendant could not receive a double credit for his detention time." United States v. Wilson, 503 U.S. 329, 337, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992).

Moreover, on June 5, 2013, Sims filed a motion in 12-cr-3069, pursuant to U.S. Sentencing Guideline 5G1.3 seeking a sentence modification ordering that he receive credit in both cases for the six months in question. Sims argued that the sentence in his revocation proceeding (07-cr-3025) and the sentence on the new charges (12-cr-3069) were related, and that the court had intended to give Sims credit on both sentences. **The motion was denied** on July 16, 2013, indicating that the court **did not** intend on giving Sims such credit. [12-cr-3064, Doc. #33]  Then, in November 2013, Sims filed a motion to vacate under 28 U.S.C. 2255, raising, among other claims, that his counsel was ineffective for not requesting that the Court reduce Sims's sentence under Sentencing Guidelines §5G1.3. The court reiterated that **it did not intend** to give Sims credit for time served in 07-cr-3025 toward the new sentence for counterfeit goods (12-cr-3064), and it pointed out that §5G1.3 was inapplicable in Sims's case.

The intention of the Western District of Missouri Court is explicitly stated in its judgments and orders in both 07-cr-3025 and 12-cr-3064.  Although the undersigned does not have the

statement of the BOP explaining its calculation, the BOP clearly agreed with the district court and calculated the sentence as the judge intended, which is completely within the discretion of the Bureau. See United States v. Pardue, 363 F.3d 695, 697 (8th Cir.2004) (citing 18 U.S.C. § 3585(b) for the proposition that the Bureau of Prisons has discretion to determine the amount of credit for time served).

### Conclusion

For the forgoing reasons, **IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DENIED and DISMISSED** with prejudice.

### Objections

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN

FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

THUS DONE AND SIGNED at Alexandria, Louisiana, this 26th day of June, 2014.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE